United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41507
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEODORO HIPOLITO-ALCANTAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-959-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Teodoro Hipolito-Alcantar (Hipolito), appeals his conviction and sentence for attempted reentry into the United States following a prior aggravated felony conviction. See 8 U.S.C. § 1326 (a), (b).

For the first time on appeal, Hipolito argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005). We review for plain error. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Hipolito makes no showing, as required by Martinez-Lugo, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the district court's remarks at sentencing that it would have reached a different conclusion. Thus, Hipolito has not met his burden of persuasion to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. See Martinez-Lugo, 411 F.3d at 601.

Hipolito also argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Hipolito acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.